

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John H. Winters, Executive Director
State Department of Public Welfare
Austin 3, Texas

Dear Mr. Winters:

Opinion No. O-5467

Re: Interpretation of Senate Bill
No. 250, 48th Legislature, Regular
Session, concerning the destruction
of certain obsolete records.

Your request, asking us to construe Senate Bill No. 250, Acts of the 48th Legislature, Regular Session, is as follows:

"Section 1 of Senate Bill No. 250, Acts of the 48th Legislature, Regular Session, authorized the State Department of Public Welfare to destroy certain obsolete records of the former Texas Relief Commission, certain duplicate old age assistance records for the years 1936 through 1938, 'and to make a list of all records in its possession and custody which have no value and further use, and to submit such list thereof of records no longer needed and worthless, to the Texas Library and Historical Commission. ...' Sections 2 and 3 of the Act provide the method for disposing of the records.

"As of September 1, 1944, the Department of Public Welfare had an active case load of 186,138 recipients; of this number, 170,850 were Old Age Assistance, 4,611 were recipients of Aid to The Needy Blind, and 10,677 were recipients of Aid to Dependent Children.

"In accordance with the state plan approved by the Social Security Board, the department is required to reinvestigate each recipient on the rolls at least once annually and more frequently as the circumstances of the recipient changes justifying it. After each reinvestigation, a form is

...MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

made by the worker in triplicate indicating the
action taken as a result of the reinvestigation.
One copy of this form is sent to the State Of-
fice of the Department of Public Welfare. Any
changes in the amount of grant are recorded in
the official records of the Division of Audits
and Accounts. The form is of no further use to
the department; however, this form is kept in
the Division of Audits and Accounts for a period
of six months, as they are audited by the Federal
Auditors of the Social Security Board on a six
month basis. After six months have elapsed,
they are stored in the warehouse. The State
Auditors are likewise making an audit of the
department, and when the audit is completed,
the forms will be of no further benefit to the
department. One copy of this form is sent to
the recipient at the time the change is made,
and one copy is filed in the recipient's case
folder in the county where he lives and is
kept as a permanent record. There is an accu-
mulation of almost a half a million of these
forms. In addition to the forms mentioned
above, we use a form for the purpose of chang-
ing the address of the recipient. The change
of address is recorded in the Division of Audits
and Accounts immediately upon receipt of this
form in the State Office, one copy of which has
been retained in the recipient's case folder.
As soon as the address is changed, the form is
of no further value to the department. Thousands
of these forms are received and processed in the
State Office monthly.

"The department has interpreted this Senate
Bill 250 to mean that the department is author-
ized to destroy certain Texas Relief Commission
Records, certain duplicate Old Age Assistance
Records accumulated during 1936 through 1938 and
to also dispose of all records in its possession
and custody, which have no value and further use
to the department after certain requirements con-
tained in the act have been complied with.

"Is the Department of Public Welfare author-
ized by Senate Bill No. 250, Acts of the 48th
Legislature, to dispose of the records described
above, and may the department dispose of future
accumulations of these records as they become ob-
solete?"

Your inquiry should be answered in the negative. The authority is not as broad as your indicated interpretation of it appears to be. In other words, the general purpose of the Act is to authorize the destruction -- not of all records in the departmental custody which have no value and are of no further use to the department -- but rather, the power of destruction extends no further than to certain records of the Texas Relief Commission "for the years 1932 to September 1, 1939, * * * and all duplicate Old Age Assistance records accumulating for the year 1936 through October, 1938." In the grant of authority there is an express limitation of that power. The language, "* * * and to make a list of all records in its possession and custody which have no value and further use, and to submit such list thereof of records no longer needed and worthless", are not words of enlargement but the language embraces only the "certain records" as to which the power to destroy is given, as above shown.

To enlarge the power of the Board ex necessitate rei as it appears your interpretation is, would render the Act void, even though such extension was clearly expressed in the body of the bill, since to do so would put the Act in violation of Section 35 of Article III of the Constitution, which declares:

"No bill, (except general appropriation bills which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The title to Senate Bill No. 250 is:

"AN ACT directing the State Department of Public Welfare to prepare a list of certain records of the Texas Relief Commission for the years 1932 to September 1, 1939, and all duplicate Old Age Assistance records accumulated for the years 1936 through October, 1938, to be submitted to the Texas Library and Historical Commission for examination: directing such Commission to acquire such records as are wanted by them within five days after delivery of such list; directing State Department of Public Welfare to transfer said useless records not wanted by the Texas Library and Historical Commission to the State Board of Control for sale and destruction; and declaring an emergency."

The bill itself, therefore, is limited as matter of law (whatever the language of the bill) to the one subject mentioned in the title.

Trusting that this is a sufficient answer to your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Ocie Speer

Ocie Speer
Assistant

OS-MR



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN